## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Lorenzo Hidalgo,

        Petitioner,

v.                                    Case No. 16-3038-JWL

Claude Maye,

        Respondent.

### MEMORANDUM & ORDER

Lorenzo Hidalgo, a federal prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. In his petition, Mr. Hidalgo challenges his loss of good-time credits resulting from a prison disciplinary conviction. Specifically, he contends that his due process rights were violated because there was no evidence to support the disciplinary conviction. Mr. Hidalgo seeks expungement of the incident from his record and restoration of his good time credits.[1]

The record reflects that, on February 11, 2015, mailroom staff at USP Leavenworth contacted the Special Investigations department after a suspicious package was returned to the institution for insufficient postage. The package was taped together in an usual fashion and was addressed to "J.D." in Miami, Florida from a "W.A." at the facility. A staff member from the Special Investigations department opened the package and discovered several sealed envelopes (each addressed to the IRS) and each envelope identified a current inmate on the return address

---

[1] An inmate has a liberty interest in earned good time credits and those credits may not be taken away without minimal due process required by the Fourteenth Amendment. *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007).

label.  One of the envelopes identified Mr. Hidalgo as the sender.  That envelope contained a completed 1040EZ tax return and a W-2 form from a "Mulford Concrete, Inc." company in Hampton, Iowa for the 2014 tax year.  The documents sought a tax refund of approximately $4500 and contained Mr. Hidalgo's name, social security number, a signature with Mr. Hidalgo's name, and a home address listed in New York that corresponds to the address of Mr. Hidalgo's mother and sister.  A staff member from the Special Investigations department wrote an incident report charging Mr. Hidalgo with using the mail for an illegal purpose.  At all times, Mr. Hidalgo denied any knowledge of the incident.  A discipline hearing officer (DHO) ultimately found that Mr. Hidalgo had committed the charge and, among other sanctions, disallowed 82 days of good conduct time.

In his petition, Mr. Hidalgo maintains that the DHO improperly assigned too much weight to the incident report and not enough to his own statement of innocence.  He directs the court to cases that, in his mind, require a hearing officer to assign the same weight to a petitioner's affidavit as he or she does to a report submitted by prison officials.  The cases relied upon by Mr. Hidalgo, however, arise in the context of civil cases filed under 42 U.S.C. § 1983 and stand for the proposition that a court, when faced with a summary judgment motion and presented with conflicting evidence from both parties, may not render a decision in favor of prison officials but must submit the evidence to a jury for resolution of the claim.  *See, e.g., Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997) (court not authorized to accept factual findings of prison investigation where plaintiff has presented conflicting evidence; summary judgment inappropriate on section 1983 claim).

2

Those rules simply do not apply in a prison discipline action such as this one.  In the prison discipline context, due process requires only that "some evidence" support a disciplinary conviction; even "meager" evidence will suffice.  *See Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 457 (1985).  "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56.  It is clear that "some evidence" exists to support the DHO's findings. The DHO relied upon the incident report, Mr. Hidalgo's statements, photographs of the documents discovered in the mail, and all other documentary evidence.  Mr. Hidalgo disputes the truth of the incident report, but the due process clause "requires no more in such a hearing." *Wilcox v. Aleman,* 3 Fed. Appx. 920, 922 (10th Cir. 2001) (summarily rejecting petitioner's challenge to truthfulness of incident report in prison discipline case).

He also contends, in his traverse, that the DHO relied on false evidence because the number on his social security card does not match the number reflected in the documents.  This argument is not supported by the record and, in any event, is not persuasive.  Mr. Hidalgo submits no evidence that the DHO ignored conflicting evidence about Mr. Hidalgo's social security number.  He does not contend that the DHO had a copy of the card that Mr. Hidalgo has submitted with his reply brief.  Moreover, other than the card submitted by Mr. Hidalgo, there is no other evidence in the record concerning the social security number that was reflected in the evidence—that number has been redacted in all other places.  As such, there is no evidence

before the court demonstrating that the social security number in the documents reviewed by the DHO is different than the number on the card submitted by Mr. Hidalgo.[2]

For the foregoing reasons, Mr. Hidalgo's petition is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Hidalgo's petition for relief under 28 U.S.C. § 2241 is denied and this action is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 26th day of April, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] After Mr. Hidalgo raised this issue for the first time in his traverse, the government filed a response to the traverse attempting to demonstrate that the social security number in the records before the DHO matches the number submitted by Mr. Hidalgo.  The court has not relied on the government's response to the traverse because, even without considering that response, Mr. Hidalgo's claim fails.  Thus, the court has not provided him the opportunity to reply to it.